IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT GARY MOORE, #402576
    Plaintiff
    v.     *    CIVIL ACTION NO. JKB-13-1444

WESTERN CORRECTIONAL
  INSTITUTION
ASSISTANT WARDEN RICHARD
  J. GRAHAM
WARDEN FRANK B. BISHOP, JR.
COMMISSIONER OF DIVISION OF
  CORRECTIONS
    Defendants.

*****

MEMORANDUM

This civil rights action invokes this court's jurisdiction under 28 U.S.C. § 1343, and raises an equal protection claim against prison and agency officials. Robert Gary Moore ("Moore") is an inmate housed in the administrative segregation unit at the Western Correctional Institution who claims that he is being treated differently from those inmates in general population or on protective custody in that he has been denied privileges to use the microwave and hot pot to heat up food he has purchased in the prison commissary. ECF No. 1. He seeks injunctive relief and $10,000.00 in damages for the violation of his rights. Because he appears indigent, Moore's motion for leave to proceed in forma pauperis shall be granted. His complaint, however, shall be summarily dismissed.

Moore levels a Fourteenth Amendment equal protection claim, but does not indicate how he was treated differently from others in similar circumstances. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). To show that his equal protection rights were violated, Moore must demonstrate that (1) "he has been treated differently

from others with whom he is similarly situated and (2) that the differential treatment was the result of intentional discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "[The inmate] must also show that the disparity in treatment cannot survive the appropriate level of scrutiny, which in a prison setting, means that [a plaintiff] must demonstrate that his treatment was not reasonably related to any penological interests." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) (internal citation, quotation marks, and alterations omitted). Further, in the absence of a fundamental right or a protected class, equal protection only requires that a regulation which results in unequal treatment of an inmate bear some rational relationship to a legitimate penological interest. *See McGinnis v. Royster*, 410 U.S. 263 (1973).

Moore's complaint indicates that general population and protective custody inmates have access to the microwave and hot pot while he, an administrative segregation inmate, does not. If he is complaining that he is being treated differently because he is being denied such privileges, his claim fails because he has no underlying right of access to such appliances and he does not allege that persons similarly situated have access. Moore's claim that he was denied certain privileges is presented as a naked assertion. He must go beyond mere conclusory assertions that particular action was taken or not taken with discriminatory animus. *See Chapman v. Reynolds*, 378 F.Supp. 1137, 1139 (W.D. Va. 1974). The complaint shall be dismissed without prejudice by separate Order.

DATED this 31 day of May, 2013.

BY THE COURT:

James K. Bredar
United States District Judge

2